## CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 669
MORAN et v. MURPHY et
Ohio Appeals, 7th Dist., Mahoning Co.
Decided March 20, 1925

1271. WILLS—Where absolute legacy is followed by statement creating trust, with legatees under legacy as trustees under trust, said trustees, having been instructed by testator during his lifetime; parol evidence is admissible to enforce intention of testator as against absolute legacy in will.

884. PAROL EVIDENCE—Introduction of, did not change terms of will; merely enabled court to carry into effect intention of testator expressed in will.

POLLOCK, J.

Lillian Murphy brought an action in the Mahoning Common Pleas against George Moran and Sarah Price asking for the construction of the will of John Moran. George Moran and Sarah Price are brother and sister of the testator and under the second item in his will they were "bequeathed, given and devised of all my estate, to have and to hold for purposes of expending and distributing for the objects and to the persons and institutions, in the manner and according to the directions which I have instructed them."

Murphy brought this action as a heir-at-law and for other children of a deceased brother and sister of the testator, who were also heirs-at-law. Moran and Price answered Murphy's petition, both individually and as executors, admitting that they received the legacy mentioned in the will and that they intended to distribute same under instructions in regard to the disposition thereof, given them by the testator, and intended to carry out his desire.

The case was appealed to the Court of Appeals and submitted on the pleadings, transcript of the evidence taken in court below as evidence in the Court of Appeals, argument and brief of counsel. Oral testimony was introduced by Moran and Price over objection of Murphy and other nephews and nieces desiring a construction of the item in controversy, indentifying the objects, persons, and institutions, and the amount that each should receive in accordance with the instructions given by the testator to them, his sister and brother.

It was claimed by Murphy and those interested in defeating the trust estate, that admission of the oral testimony violated the will statutes and that oral testimony cannot be introduced to add or detract from or modify the provisions of a will. It was claimed that the trust intended must fail, and that brother and sister held the estate as a resulting trust for the benefit of the heirs-at-law and that they as trustees must distribute the estate to them.

The Court of Appeals held:

1. The second item of the will first gives an absolute legacy to the testator's brothers and sisters, then follows a condition which changes this absolute bequest to a trust which the testator had reposed in his brothers and sisters to distribute to the objects and persons in the manner according to directions he had given them.

2. It is evident that if the beneficiaries under the trust estate could assert their right to it by introducing testimony for the purpose stated the claims of the heirs-at-law must fail.

3. Where an absolute legacy is given under promise, express or implied, of the legatee, that he will carry out the intentions of the testator, upon his failure to do so a trust may be proven by oral testimony against this absolute legacy and the intention of the testator enforced.

4. "A trust in an absolute legacy may be established by parol evidence, and the contemporaneous declarations of the testator, and the subsequent declarations of the legatee, that the bequest was made for the benefit of a third person upon the promise of the legatee to hold it in trust, are admissible for that purpose." Winder et v. Scholey, 83 OS. 204.

5. To now require these trustees to distribute the estate to the heirs-at-law would defeat the expectation of the testator clearly expressed in the will.

6. The introduction of oral evidence did not change or add to the terms of the will but only affected the legacy and enabled the court to carry into effect the intention of the testator as expressed by his will.

7. If a trust can be engrafted upon an absolute legacy in a will by oral testimony, such testimony under the same principle should be used to determine the beneficiaries and the

amount they are to receive when it appears from the will that the legacy was given in trust.

8. The decree can be drawn directing Sarah Price and George Moran to distribute to the parties the amount they are to receive, as expressed by the wish of the testator.

Attorneys—John J. Boyle and W. H. Boyle for Moran et; Edmund M. O'Brien and John J. Buckley, Jr., for Murphy et; all of Youngstown.